UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING
ENGINEERS LOCAL 324 PENSION
FUND, et al.,

v.  Case No. 16-14161

AJAX PAVING INDUSTRIES, INC.,  HON. AVERN COHN
MARK JOHNSTON, JAMES A. JACOB,
and JAMES M. FRIEL,

    Defendants.
_____/

# MEMORANDUM AND ORDER
# DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE
# (Docs. 43, 44, 45)
# AND
# DIRECTING FURTHER FILINGS

I.

This is an action for the collection of unpaid employee fringe benefits under ERISA. Plaintiffs are the Trustees of various fringe benefit funds ("Trustees") associated with the International Union of Operating Engineers, Local 324. The Trustees have sued defendant Ajax Paving Industries, Inc. ("Ajax") and three individuals associated with Ajax, claiming they owe fringe benefit contributions under a collective bargaining agreement which the parties refer to as the Road Agreement.[1]

The Trustees contend that under the Road Agreement Ajax is required to pay fringe benefits throughout the year for covered work. Ajax says that the Road

---

[1] The Trustees rely on a June 10, 2016 Audit Report, covering the time period of January 2008 through May 2014, which indicates due and owing balance in fringe benefit contributions in the amount of $1,342,614.39.

Agreement does not apply to certain work performed in the "off season" (January to early April).

Before the Court are three (3) motions for summary judgment:

    Ajax's motion for summary judgment (Doc. 43)

    The Trustees' motion for summary judgment (Doc. 44)

    The individual defendants' motion for summary judgment (Doc. 45).

The Court held a hearing on the motions on September 18, 2018. For the reasons stated on the record and as elaborated below, the motions are DENIED WITHOUT PREJUDICE.

## II.

While the papers contain a multitude of legal arguments, the crux of the issue before the Court is the proper interpretation of the Road Agreement, a collectively bargained agreement between the Labor Relations Division of the Michigan Infrastructure and Transportation Association (MITA) and the International Union of Operating Engineers, Local 324. Ajax is a member of MITA. The Trustees rely primarily on Article I, Section 2 of the Road Agreement in support of their position. This section provides:

> Highway construction work is defined is work performed provided at facility to accommodate vehicular and pedestrian traffic **and all work in connection with** the construction of streets, roads, expressways, turnpikes, highways, bridges, separations and parking lots, including rest areas, sidewalks, pedestrian overpasses, bicycle paths, running tracks, bridle paths, guard rails, fences, storms sewers, sanitary sewers, and the relocation and rerouting of any utilities including sewer and water lines.

(Emphasis added). The Trustees contend that "all work in connection with" includes work performed during the off season. Ajax, relying on other provisions and the course

of performance, argues that the Road Agreement does not require fringe benefit contributions during the off season.

As stated at the hearing, the Court has made a preliminary finding that Article I, Section 2 is ambiguous and the Court must apply the rules of contract interpretation to resolve the dispute. The Court also found that the parties' papers raised genuine issues of material fact such that summary judgment is inappropriate at this time.

In order to move the case forward, Ajax shall within thirty (30) days file a supplemental paper focusing on its argument as to the proper interpretation of the Road Agreement as supported by the record. Ajax may also address the issues of (1) whether the Trustees may seek fringe benefits on behalf of three unnamed funds and (2) whether the statute of limitations bars some of the Trustees recovery. The Trustees shall file a response to Ajax's supplemental paper within fifteen (15) days later.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 9/20/2018
      Detroit, Michigan